Yitzchak Zelman, Esq.
California Bar No. 350053
MARCUS & ZELMAN, LLC
701 Cookman Ave, Suite 300
Asbury Park, NJ 07712
(732) 695-3282
yzelman@marcuszelman.com
*Attorneys for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA
# OAKLAND DIVISION

| | |
|---|---|
| JOHN WOOLERY,<br><br>                    Plaintiff,<br><br>v.<br><br>MERGERS MARKETING, INC. d/b/a BACKGROUND SCREENERS OF AMERICA,<br><br>                    Defendant. | Case No.:<br><br>**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |

## COMPLAINT

Plaintiff John Woolery ("Plaintiff") brings this putative class action individually and on behalf of all others similarly situated, seeking statutory and other damages against Defendant Mergers Marketing, Inc. d/b/a Background Screeners of America ("BSA" or "Defendant") and alleges, based upon Plaintiff's personal knowledge, the investigation of counsel, and upon information and belief, as follows:

**PRELIMINARY STATEMENT**

1. This is an action to recover damages for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq*.

2. The FCRA is a federal statute designed to protect consumers from the harmful effects of inaccurate information reported in consumer reports (commonly referred to as "credit reports"). Thus, Congress enshrined the principles of "fair and accurate credit reporting" and the "need to ensure that consumer reporting agencies exercise their grave responsibilities with fairness" in the very first provision of the FCRA. *See* 15 U.S.C. § 1681a.

3. To that end, the FCRA imposes the following duty on consumer reporting agencies: consumer reporting agencies must devise and implement reasonable procedures to ensure the "maximum possible accuracy" of information contained in consumer reports.

4. The FCRA provides consumers with a private right of action against consumer reporting agencies that willfully or negligently fail to comply with their statutory obligations under the respective statutes.

5. Plaintiff, John Woolery ("Plaintiff"), therefore brings this putative class action under the FCRA and CCRAA alleging that BSA has negligently and recklessly disseminated consumer reports concerning Plaintiff's and countless others' backgrounds that wrongfully reported incomplete and inaccurate criminal history information on their consumer reports due to willfully insufficient policies and procedures.

6. Plaintiff, individually and on behalf of the Class members, seeks statutory and punitive damages, along with injunctive and declaratory relief, and attorneys' fees and costs.

**PARTIES**

7. Plaintiff is a natural person and resident of Contra Costa County in the State of California and qualifies as a "consumer" as defined and protected by the FCRA and CCRAA.

8. Defendant Mergers Marketing, Inc. d/b/a Background Screeners of America ("BSA") is a "consumer reporting agency" as that term is defined under 15 U.S.C. § 1681a(f), as it regularly engages in whole or in part in the practice of assembling or evaluating credit information or other information on consumers for the purpose of furnishing consumer reports to third parties in exchange for monetary compensation, by means of interstate commerce. Defendant BSA is a California corporation that maintains its primary place of business located at 9333 Melvin Avenue, Northridge, California 91324.

**JURISDICTION AND VENUE**

9. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681p.

10. Venue is proper in this District under 28 U.S.C. 1391(b) because Plaintiff resides in this District, Defendant conduct regular business in this District, and communications giving rise to this action occurred in this District.

**FACTUAL ALLEGATIONS**

11. Sometime prior to April 14, 2024, Plaintiff applied for employment with Service Champions Heating and Air Conditioning ("Champions").

12. As part of his application, Plaintiff agreed that a consumer background report regarding himself could be procured from Defendant BSA.

13. On or about April 22, 2024, Plaintiff was shocked to receive an email from BSA indicating that it was reporting public record information that may result in an adverse action or employment denial with Champions.

14. The report provided by Defendant had a "Report date" of April 22, 2024. When Plaintiff reviewed the criminal records section of the report procured from Defendant, he was shocked to see that for Defendant was inaccurately and misleadingly reporting case number 01001817717 out of Contra Costa County, California Superior Court in the following ways: 1) it listed a plea of "Nolo Contendre"; 2) it listed a disposition of "Conviction"; 3) it listed a disposition date of "2017-06-20"; and 4) it indicated that "probation was reinstated on 06/28/2021".

15. This information is patently and misleadingly inaccurate because, as evident on the publicly available court records, on June 28, 2021, rather than a reinstatement of probation as indicated by Defendant, the superior court granted dismissal to all the convictions or pleas of for deferred entry of judgment in case 01001817717 pursuant to Californa Pen. Code § 1203.4. The court docket itself reflects notations of dismissal to all charges in the aforementioned case on June 28, 2021.

16. Plaintiff was horrified and appalled by this inaccurate and out of date reporting, and to his dismay, Champions ceased responding to him and he was unable to obtain employment with them after the furnishing of this inaccurate report.

17. The CFPB recently issued guidance affirming that "consumer reporting agencies must comply with their FCRA obligation to 'follow reasonable procedures to assure maximum possible accuracy' under section 607(b). In particular, a consumer reporting agency that reports public record information is not using reasonable procedures to assure maximum possible

accuracy if it does not have reasonable procedures in place to ensure that… it includes any existing disposition information if it reports arrests, criminal charges, eviction proceedings, or other court filings." CFPB, *Advisory Opinion on Fair Credit Reporting; Background Screening*, 89 Fed. Reg. 4171 (Jan. 23, 2024) (*FCRA Background Screening AO*).

18. Moreover, "[a] violation is willful when it is inconsistent with 'authoritative guidance' from a relevant agency. As with any guidance issued by the CFPB on the FCRA… consumer reporting agencies risk liability… if they violate the FCRA in a manner described in this advisory opinion, regardless of whether the consumer reporting agencies were previously liable for willful violations prior to its issuance." *Id.*

19. As a result of Defendant's reporting of incomplete and misleading criminal case information, Plaintiff was denied employment with Champions.

20. Upon information and belief, Plaintiff has maintained woefully insufficient procedures for maintaining the accuracy of the consumer reports it produces and provides to third parties.

21. Upon information and belief, Defendant has reported incomplete and misleading criminal case information for countless other individuals.

22. Pursuant to Section 1681e(b) of the FCRA, "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b).

23. Upon information and belief, Defendant fails to have such procedures, as it allows for incomplete criminal case information to appear on consumer's reports, despite the FCRA and CFPB specifically proscribing otherwise.

24. As a direct result of Defendant's incomplete and misleading reporting, Plaintiff and the Class members have been damaged. For example, derogatory and incomplete information was disseminated to Plaintiff's and the Class members' potential employers, and numerous individuals, like Plaintiff, have been denied employment losing income.

25. These injuries are particularized and concrete, but difficult to quantify, rendering the recovery of class statutory damages ideal and appropriate.

26. At all times pertinent hereto, Defendant's conduct was willful and/or negligent, and carried out in reckless disregard for a consumer's rights as set forth under section 1681e of the FCRA. Accordingly, Plaintiff and the Class are entitled to statutory and punitive damages under 15 U.S.C. §§ 1681n and 1681o. Defendant is also liable for Plaintiff's reasonable attorneys' fees and costs.

27. As a direct and proximate result of the Defendant's willful and/or negligent refusal to assure maximum accuracy of credit reports as mandated by the FCRA, Plaintiff and the Class members have been harmed in their daily lives, by the impact that this incomplete and misleading derogatory information has had on their ability to secure employment.

28. As an example, Plaintiff was denied his employment with Champions and suffered emotional distress along with embarrassment, frustration, and annoyance because of Defendant's conduct.

## CLASS ALLEGATIONS

29. Plaintiff brings this action as a class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure, on behalf of herself and all others similarly situated.

30. The Class is defined as follows:

**All natural persons residing in the United States on whom, from two year prior to the filing of this action and through the date of class certification, Defendant compiled and furnished a consumer background report which contained adverse criminal case information that did not contain complete and up to date case information**.

31. Plaintiff reserves the right to amend the definition of the Class based on discovery or legal developments.

32. Specifically excluded from the Class are: (a) all federal court judges who preside over this case and their spouses; (b) all persons who elect to exclude themselves from the Class; (c) all persons who have previously executed and delivered to Defendant releases of all their claims; and (d) Defendant's employees, officers, directors, agents, and representatives and their family members.

33. **Numerosity.** The Class is so numerous that joinder of all members is impracticable. At this time, Plaintiff does not know the exact size of the Class. Based on information and belief, the Class is comprised of at least hundreds, if not thousands, of members who are geographically dispersed throughout the country so as to render joinder of all Class members impracticable. The names and addresses of the Class members are identifiable through documents maintained by Defendant, and the Class members may be notified of the pendency of this action by published and/or mailed notice.

34. **Commonality.** Common questions of law and fact exist as to all members of the Class and predominate over the questions affecting only individual members. The primary common legal and factual questions are:

    a. Whether the Defendant willfully and/or negligently violated the FCRA by including incomplete and misleading adverse criminal case information in consumer reports;

     b.   Whether the Defendant willfully and/or negligently violated the FCRA by failing to follow reasonable procedures in preparing and selling consumer reports;

     c.   Whether Plaintiff and the Class have been injured by Defendant's conduct;

     d.   Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing and if so, the proper measure and appropriate formula to be applied in determining such damages and restitution; and

     e.   Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

35.   **Typicality**. Plaintiff's claims are typical of the claims of each Class member. Plaintiff has the same claims for statutory and punitive damages that she seeks for absent class members.

36.   **Adequacy.** Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff's interests coincide with, and are not antagonistic to, other Class members' interests. Additionally, Plaintiff has retained counsel experienced and competent in complex consumer and class-action litigation. Plaintiff's counsel has prosecuted complex consumer class actions across the country.

37.   **Predominance and Superiority.** Questions of law and fact common to the Class members predominate over questions affecting only individual members, and a class action is superior to other available methods for fair and efficient adjudication of the controversy. The statutory and punitive damages sought by each member are such that individual prosecution would prove burdensome and expensive given the complex and extensive litigation necessitated by Defendant's conduct. It would be virtually impossible for the Class members individually to redress effectively the wrongs done to them. Even if the Class members themselves could afford such individual litigation, it would be an unnecessary burden on the courts.

38. Furthermore, individualized litigation presents a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and to the court system presented by the complex legal and factual issues raised by Defendant's conduct. By contrast, the class action device will result in substantial benefits to the litigants and the Court by allowing the Court to resolve numerous individual claims based upon a single set of proof in just one case.

## CAUSES OF ACTION
### COUNT I
### Violation of the FCRA, 15 U.S.C. § 1681e(b)

39. Plaintiff repeats and realleges the foregoing allegations as if fully set forth herein.

40. Plaintiff brings this claim individually and on behalf of all others similarly situated.

41. Section 1681e(b) of the FCRA requires that, "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure ***maximum possible accuracy*** of the information concerning the individual about whom the report relates." 15 U.S.C. §1681e(b) (emphasis added).

42. Accordingly, Defendant was required to follow procedures to assure maximum possible accuracy of the consumer reports it prepared concerning Plaintiff and the Class. This includes following procedures to prevent incomplete and misleading adverse criminal case information from appearing on reports.

43. However, Defendant failed to do so.

44. Were Defendant to follow procedures to assure maximum possible accuracy of the consumer reports it prepared concerning Plaintiff and the Class members, it would not be possible for it to report incomplete and misleading adverse information such as incorrect dispositions and dates on Plaintiff's and the Class members' reports, particularly when those records are publicly available.

45. Moreover, if Defendant were meeting its obligation to follow procedures to assure maximum possible accuracy of the credit reports it prepares for Plaintiff and the Class members, it would have prevented this incomplete and misleading adverse information from being reported in the first place.

46. Defendant's violations are egregious to the point of being willful, giving rise to liability under 15 U.S.C. § 1681n, or additionally, negligent, giving rise to liability under 15 U.S.C. § 1681o.

47. As a direct and proximate result of Defendant's willful and/or negligent failure to follow procedures to assure maximum possible accuracy of the information it reports, Plaintiff and the Class have been harmed, as explained above.

## **DEMAND FOR JURY TRIAL**

48. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff and the Class pray for relief as follows:

A. That an order be entered certifying the proposed Class under Rule 23 of the Federal Rules of Civil Procedure and appointing Plaintiff and their counsel to represent the Class;

B. That judgment be entered in favor of Plaintiff and the Class against Defendant for statutory damages and punitive damages pursuant to pursuant to 15 U.S.C. §§ 1681n and/or 1681o, including pre-judgment and post-judgment interest;

C. That judgment be entered in favor of Plaintiff individually against Defendant for statutory damages and punitive damages pursuant to pursuant to 15 U.S.C. §§ 1681n and/or 1681o, including pre-judgment and post-judgment interest

D. That the Court award the costs of this action and reasonable attorneys' fees and expenses pursuant to 15 U.S.C. §§ 1681n and/or 1681o;

E. That the Court issue a declaration that Defendant's conduct alleged herein is unlawful, as set forth more fully above;

F. That the Court grant equitable relief, enjoining Defendants from engaging in the unjust and unlawful conduct alleged herein; and

i. That the Court grant Plaintiff and the Class such other and further relief as may be just and proper.

Dated: May 10, 2024

By: */s/ Yitzchak Zelman*
Yitzchak Zelman, Esq.
California Bar No. 350053
MARCUS & ZELMAN, LLC
701 Cookman Ave, Suite 300
Asbury Park, NJ 07712
(732) 695-3282
yzelman@marcuszelman.com
*Attorneys for Plaintiff*